UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ALBERTO MARTINEZ-
MARTINEZ,

     Petitioner,

v.                             Case No.:  2:25-cv-867-SPC-DNF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

## OPINION AND ORDER

Before the Court is the Secretary of the Florida Department of Corrections (FDOC)'s Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 1).  Luis Alberto Martinez-Martinez challenges his conviction and imprisonment for aggravated assault with a firearm, kidnapping, resisting or obstructing with violence, and battery.  The FDOC Secretary moves for dismissal because Martinez-Martinez has not yet exhausted his state postconviction remedies.

The Antiterrorism Effective Death Penalty Act precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law.  Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue

raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Martinez-Martinez is currently pursuing postconviction remedies in state court. A motion filed under Florida Rule of Criminal Procedure 3.850 is currently pending before a Lee County court in *State v. Martinez-Martinez*, No. 2017-CF-017440 (Fla. 20th Jud. Cir. Ct.). The claims presented in that motion include the claims in his habeas petition pending before this Court. Thus, Martinez-Martinez has not fairly presented his habeas claims to Florida's highest court. Martinez-Martinez must pursue his Rule 3.850 motion through the Florida court system before seeking federal habeas relief. Accordingly, this action is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any motions and deadlines, enter judgment, and close this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard*

2

*v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted).  Martinez-Martinez has not made the requisite showing here and may not have a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2026.



SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3